IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOVAN/JOVANNI MONTE TAYLOR, | ) CASE NO. 7:20CV00633 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| WESTERN REGIONAL OMBUDSMAN "CMLAR," ET AL., | ) |
| | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendants. | ) |

Plaintiff Jovan, also known as Jovanni, Monte Taylor, a Virginia inmate who is proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of negligent medical care in prison. Upon review of the record, the court concludes that the complaint must be summarily dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

Taylor, who is confined at Keen Mountain Correctional Center ("KMCC"), alleges that "[o]n eight different occasions the Medical Dept did not give me my medication, but gave all other inmates theirs[, w]hich caused me Personal Injuries, and headaches." Compl. 2, ECF No. 1. Taylor also alleges that "[t]he Medical Department, and the Western Regional Ombudsman have coluded [sic] to conceal the fact that Negligence exist[s], and my rights have been violated." Id. As relief in this action, Taylor seeks monetary damages "and to have my meds as self meds." Id.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must allege sufficient facts to establish that he has been

deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). To satisfy this requirement, a plaintiff must state specific facts about what each defendant did, personally, that violated the plaintiff's constitutional rights.

Taylor fails to meet this requirement to state facts about the defendants' actions. Taylor names several individuals as defendants, but does not allege what each of these individuals did to deprive Taylor of medication or to conceal those deprivations. Thus, the complaint does not state any claim that any defendant deprived Taylor of constitutionally protected rights.[1] Id. Therefore, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1). An appropriate order will enter herewith. Dismissal of the action without prejudice leaves Taylor free to refile one or more of the claims in a new and separate civil action if Taylor can correct the deficiencies described in this memorandum opinion.

In a separate "Affidavit" submitted in the same envelope with the complaint and naming the same defendants, Taylor states:

> Since I filled [sic] Case # 7:20cv497, I have had several threats on my life. This is the same institution. They often utilize inmates to assult [sic] other inmates. I fear for my safety, and that fear is growing, and has turned into mental anguish, and serious personal injury. I'm having nightmares, and waking up

---

[1] The court also notes that Taylor's complaint lacks sufficient factual allegations to establish that anyone at KMCC deprived Taylor of constitutionally protected rights. To the extent Taylor alleges that individuals negligently failed to provide him with medication for an unspecified condition or somehow concealed such negligence, merely negligent actions by state officials do not support a constitutional claim and are, thus, not actionable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) ("Deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment."); see also Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process" or grievance response).

> screaming in the middle of the night. Due to the many incidents I have endured here at [KMCC].
>
> I do not have a form to request for injunctive release to transfer me to another DOC facility out of the Western Region pursuant to this Civil action.
>
> The threats are coming [sic] from DOC, employees, and other inmates. Please help me.

Aff. 1, ECF No. 1-1. The court will construe this submission as a motion to amend the complaint to add a claim for injunctive relief to be transferred to another prison, based on Taylor's fears of being unsafe at KMCC. This issue of safety, however, is entirely unrelated to the defendants in this case and the alleged violations Taylor alleges against them in this § 1983 complaint or in the other civil rights case Taylor has filed, No. 7:20CV00497.[2] Moreover, because the court herein determines that the complaint in this case must be dismissed for failure to state a claim, the court will deny the motion to amend the complaint to add unrelated claims.

The clerk will send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This __23rd__ day of December, 2020.

/s/ Glen Conrad
Senior United States District Judge

---

[2] "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Thus, to warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Id.